480 So.2d 728 (1985)
STATE of Louisiana
v.
Joseph Floyd CARMOUCHE, Jr.
No. 85-KA-0119.
Supreme Court of Louisiana.
October 21, 1985.
*729 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan Goudeau, Dist. Atty., David Miller, Asst. Dist. Atty., for plaintiff-appellee.
Edward Lopez, Thomas DeJean, Opelousas, for defendant-appellant.
DENNIS, Justice.
Defendant appealed from his capital murder conviction and death sentence. During review of the briefs and in oral argument we discovered that the defendant's trial and appellate attorney has had a conflict of interest which may have denied the defendant effective assistance of counsel in this case. Defendant's counsel represented both the defendant and an important prosecution witness who testified that the defendant confessed his guilt of the murder in this case while the two were incarcerated in the same cell block. The defendant's attorney called his conflict of interest to the attention of the trial judge. However, he did not ask to be relieved of representation of the state's witness, request a recess for purposes of developing impeachment evidence, or move for a mistrial. In oral argument the defense attorney indicated that after trial he discovered facts tending to discredit the witness's testimony which he still can not reveal because of his attorney-client relationship with the witness. Thus, a serious question has been raised as to whether the defense attorney labored under a conflict of interest which has deprived the defendant of the effective assistance of counsel to which he is constitutionally entitled at every stage of the trial and appellate proceedings. La. Const. Art. 1 § 13.
A grave constitutional question of this nature permeating all proceedings should be resolved upon first review in a case in which the death penalty has actually been imposed. Before engaging the elaborate judicial and execution machinery necessitated by the unique severity of capital punishment, justice and economy dictate that we first resolve any known substantial question as to the legal and constitutional validity of the death sentence or the conviction upon which it is based. Accordingly, this case is hereby remanded to the trial court for the appointment of a new attorney to represent the defendant, for the development of additional facts not of record pertaining to whether the defense counsel's performance was deficient and whether the deficiencies, if any, prejudiced the defense or deprived the defendant of a conscientious advocate for his life, and for the trial court's decisions on these issues. See La.Code Crim.P. art. 17 (1966); Supreme Court Rule XXVIII § 5 (1977); State v. Fuller 454 So.2d 119 (La.1984); State v. Smith, 400 So.2d 587 (La.1981); St. v. Myles 389 So.2d 12 (1980).
SO ORDERED AND REMANDED.